*Weg and Myers, P.C.*
ATTORNEYS AT LAW
FEDERAL PLAZA
52 DUANE STREET, NEW YORK, NEW YORK 10007
(212) 227-4210
FAX (212) 349-6702
WWW.WEGANDMYERS.COM

| | |
|---|---|
| CONNECTICUT AFFILIATE<br>LAW OFFICE OF<br>BRIAN D. ROSENFELD<br>16 RIVER STREET<br>NORWALK, CT 06850<br>(203) 853-3888 | NEW JERSEY AFFILIATE<br>LAW OFFICE OF<br>MASELLI-WARREN, P.C.<br>600 ALEXANDER ROAD<br>PRINCETON, NJ 08540<br>(609) 452-8411 |

June 3, 2021

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Rm. 240
New York, New York 10007

    Re:    *Abbey Hotel Acquisition LLC, et al. v. National Surety Corporation*
    Docket:    USDC/SDNY, Case #1:21-cv-03506 (VEC)
    Our File:    20-124

Your Honor:

    This office represents the Plaintiffs, Abbey Hotel Acquisition, LLC, et al ("Abbey Hotel"), in the above-refenced action. This letter is provided pursuant to your Order dated April 22, 2021, requiring the parties to jointly provide certain information to you in accordance with your individual practices and procedures, and is submitted jointly with Michael Hynes and Anna Finger, Esq., of DLA Piper, who are counsel for the Defendant, National Surety Corporation.

    **A.**  **Brief Statement of the Case**

    Plaintiffs contend that they have brought this action to recover for damages suffered as a result of Defendant's failure to pay pursuant to an insurance policy issued by Defendant to Plaintiffs for losses suffered in connection with the coronavirus pandemic. Plaintiffs maintain that they are entitled to compensation for losses including business income losses and extra expenses within the limits of the policy at issue.

    Defendant contends that the commercial property insurance policy issued to Plaintiffs does not provide coverage for any alleged losses suffered in connection with the coronavirus pandemic

for several reasons. For example, Plaintiffs have not, and cannot, establish that the coronavirus caused physical loss or damage to property. Even if they could (and they cannot), the commercial property insurance policy issued to Plaintiffs contains a virus exclusion that precludes coverage of the alleged losses.

### B. **Contemplated Motions**

Plaintiffs do not currently contemplate any motion practice.

Defendant intends to move for dismissal of Plaintiffs' Complaint with prejudice under Rule 12(b) of the Federal Rules of Civil Procedure. Pursuant to the Court's April 29, 2021 Order, and as stipulated by the Parties, Defendant's Motion is due on June 10, 2021. Defendant also intends to contemporaneously file a motion to stay discovery pending resolution of Defendant's Motion to Dismiss. Defendant understands that Plaintiffs will oppose both motions.

### C. **Jurisdictional Information**

Pursuant to 28 U.S.C. § 1332(a)(1), District Courts have original jurisdiction over controversies between citizens of different states. A corporation is a citizen of the state(s) in which it is incorporated and the state in which its principal place of business is located. *See* 28 U.S.C. § 1332(c)(1). Plaintiffs allege that Abbey Hotel Acquisition, LLC and Setai Hotel Acquisition, LLC are foreign limited liability companies, incorporated under the laws of the State of Delaware, with their principal place of business at 1400 Broadway, New York, New York. Plaintiffs also allege that Setai Valet Services, LLC is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business at 1400 Broadway, New York, New York. Plaintiffs allege that the members of the limited liability companies are citizens of New York. Plaintiffs allege that no member of any Plaintiff limited liability company is a resident of the state of Illinois. Plaintiffs allege that Setai Resort and Condominium Association, Inc., is a foreign corporation organized and existing under the laws of Florida, with its principal place of business at 1400 Broadway, New York, New York. Defendant National Surety Corporation alleges that it is a foreign corporation, incorporated under the laws of the State of Illinois, with its principal place of business in Illinois. Based on these allegations, Plaintiffs and Defendant are citizens of different states. Plaintiffs have also pleaded damages in excess of the jurisdictional minimum of $75,000, *see* 28 U.S.C. § 1332(b), specifically seeking in excess of $1,421,650.11, plus interest thereon from March 16, 2020. Therefore, diversity jurisdiction exists in this matter.

### D. **Settlement Prospects**

The parties do not believe settlement discussions would be helpful at this time.

### E. **Joint Proposed Discovery Order**

Attached is a conditional joint proposed discovery order that is based upon the assumption that the Court would deny the Defendant's application for a stay. If the Court grants the motion for a stay, then this discovery Order becomes moot. In addition, if the Court grants a stay, then

the parties propose that, if the Court denies Defendant's motion to dismiss, then the parties would submit within two weeks of that Order a new proposed joint discovery Order.

                                                  Respectfully submitted,

                                                  WEG AND MYERS, P.C.
*Attorneys for Plaintiff*

By:     /s/ /Joshua L Mallin/
        Joshua L. Mallin, Esq. (JM0474)
Federal Plaza
52 Duane Street, 2nd Floor
New York, New York 10007
212-227-4210
jmallin@wegandmyers.com

Cc (via ECF):  Michael D. Hynes, Esq.
michael.hynes@dlapiper.com
anna.finger@dlapiper.com

3