UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
ABBEY HOTEL ACQUISITION, LLC, SETAI :
HOTEL ACQUISITION, LLC, SETAI RESORT :
AND RESIDENCE CONDOMINIUM :
ASSOCIATION, INC, and SETAI VALET :
SERVICES, LLC, :
                             Plaintiffs, :
        -against- :
       :
NATIONAL SURETY CORPORATION, :
    :
                             Defendant. :
-------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/1/21

21-CV-3506 (VEC)

OPINION & ORDER

VALERIE CAPRONI, United States District Judge:

The COVID-19 pandemic has upended the daily operations of businesses around the country in ways few could have anticipated. Hotels, restaurants, and retailers, among many others, have struggled to find their footing in the midst of changing scientific guidance and local regulations. This is what has led Abbey Hotel Acquisition, LLC, Setai Hotel Acquisition LLC, Setai Resort & Residence Condominium Association, Inc., and Setai Valet Services, LLC ("Plaintiffs") to bring this coverage action against their insurer, National Surety Corporation ("Defendant"), seeking damages incurred as a result of the pandemic. Unprecedented times can call for unprecedented remedies, but rewriting a contract is not an available remedy. Based on the plain meaning of the insurance contract at issue, Defendant's motion to dismiss is GRANTED.

## BACKGROUND

On or about April 27, 2019, Plaintiffs entered into a contract with Defendant for commercial property insurance coverage. Compl. ¶ 39, Dkt. 1. The policy, which covered the period from April 27, 2019, through April 27, 2020, *id.* ¶ 41, promised payment "for direct

physical loss or damage to [the] Property Insured," as well as business income and extra expenses "arising from direct physical loss or damage to property." *Id.* ¶ 45(1)–(2). It also covers "direct physical loss or damage . . . resulting from a covered communicable disease event." *Id.* ¶ 42.[1] The policy excludes "direct physical loss, damage, or expense caused by . . . disease, sickness, any condition of health, bacteria, or virus." Def. Mem. at 8, Dkt. 19.

By March 2020, the spread of COVID-19 had led the State of Florida to declare a state of emergency and the County Mayor for Miami-Dade County to issue an order preventing hotels from accepting new reservations or extending existing reservations. Compl. ¶ 34; Pl. Opp. at 5, Dkt. 26. On July 13, 2020, Plaintiffs asked Defendant to cover Plaintiffs' economic losses as a result of the precipitous decline in Plaintiffs' business; Defendant did not respond. Compl. ¶ 49. Plaintiffs then commenced this action in January 2021 in Supreme Court, New York County. *See* Not. of Removal ¶ 1, Dkt. 1. Defendant removed the case to federal court and moved to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Not. of Mot., Dkt. 18; Def. Mem. at 8.

---

[1] Due to a misnumbering in the Complaint, this is located at the second Paragraph 42 in the Complaint.

## DISCUSSION[2]

### I. Standard of Review

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In general, "a complaint does not need to contain detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level." *Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014) (citation omitted). The Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the light most favorable to the plaintiff. *See Gibbons v. Malone*, 703 F.3d 595, 599 (2d Cir. 2013). The Court, is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555)).

In a dispute over insurance coverage, the burden is on the insured to prove that the insurance policy at issue covers the stated claim. *Hudson Ins. Co. v. Double D Mgmt. Co.*, 768 F. Supp. 1542, 1545 (M.D. Fla. 1991) (citations omitted). Therefore, Plaintiffs carry the burden of alleging that the purported losses are covered under this policy. To meet their burden, Plaintiffs must plead "(1) that the property harmed or damaged falls within the 'insuring clause'

---

[2] The contract at issue does not contain a choice-of-law provision. Pl. Opp. at 6–7. Because jurisdiction is based on diversity of citizenship, the Court must apply the choice of law rules of New York, the forum state. *Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531, 1538–39 (2d Cir. 1997) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941)). The parties "agree that there are no significant differences between Florida law and New York law" on the issues raised by Defendant's motion. Pl. Opp. at 6–7; Def. Mem. at 9 n.5. Nonetheless, while there is no conflict between New York and Florida law, for the sake of completeness the Court has applied New York's "center of gravity" choice-of-law test, which looks to "the place of contracting, the places of negotiation and performance, the location of the subject matter, and the domicile or place of business of the contracting parties." *Lazard Freres*, 108 F.3d at 1539 (citation omitted). The Court agrees with both parties that these factors favor applying Florida law. Def. Mem. at 9 n.5; Pl. Opp. at 6–7.

of the policy, and (2) the loss claimed falls within a second 'covered perils' provision contained in each policy." *Homeowners Choice Prop. & Cas. v. Miguel Maspons et al.*, 211 So. 3d 1067, 1068 (Fla. Dist. Ct. App. 2017) (citation omitted).

**II.     The Complaint Fails to Allege "Direct Physical Loss or Damage" and Therefore the Claimed Loss Does Not Fall Within the "Insuring Clause" of the Policy.**

    **A.  "Direct Physical Loss or Damage" Is Damage that Has a Tangible Effect on the Covered Property.**

"Under Florida law, insurance contracts are construed according to their plain meaning." *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005). Thus, the core dispute is what constitutes "direct physical loss or damage," Compl. ¶ 45(1), a phrase not defined in the policy. Def. Mem. at 11. Even a cursory review of the English language, not to mention the abundance of case law addressing this very question, reveals the obvious answer. "Direct physical loss or damage" unambiguously requires tangible alteration to the covered property. *See*, *e.g.*, *AE Mgmt., LLC v. Illinois Union Ins. Co.*, No. 20-CV-22925, 2021 WL 827192, at *3 (S.D. Fla. Mar. 4, 2021) (holding restaurants' loss of use of premises did not satisfy insurance policy requirement of "direct physical loss of or damage to property"); *Café Int'l Holding Co. LLC v. Westchester Surplus Lines Ins. Co.*, No. 20-CV-21641, 2021 WL 1803805, at *10 (S.D. Fla. Mar. 4, 2021) ("'direct physical loss of or damage to property' requires 'a distinct, demonstrable, physical alteration of the property' and does not include 'losses that are intangible or incorporeal.'") (citing *AE Mgmt., LLC*, 2021 WL 827192, at *3); *Island Hotel Props., Inc. v. Fireman's Fund Ins. Co.*, No. 20-CV-10056, 512 F. Supp. 3d 1323, 1326–27 (S.D. Fla. 2021) ("Because 'direct physical' modifies both 'loss' and 'damage,' . . . any 'interruption in business must be caused by some *physical problem* with the covered property' to be a covered loss.") (cleaned up); *Edison Kennedy, LLC v. Scottsdale Ins. Co.*, No. 20-CV-1416, 510 F. Supp. 3d

1116, 1122–23 (M.D. Fla. 2021) (listing cases); *Mama Jo's, Inc. v. Sparta Ins. Co.*, 823 F. App'x 868, 879 (11th Cir. 2020) ("under Florida law, an item or structure that merely needs to be cleaned has not suffered a 'loss' which is both 'direct' and 'physical.'") (citation omitted).

Many courts have considered whether economic losses from business closings required by COVID-19 constitute "direct physical loss or damage" and have repeatedly held that they do not. *See, e.g.*, *Rococo Steak, LLC v. Aspen Specialty Ins. Co.*, No. 20-CV-2481, 515 F. Supp. 3d 1218, 1224 (M.D. Fla. 2021) ("a decrease in business due to COVID-19 is a purely economic loss, not the kind of physical loss contemplated by insurance policies.") (citation omitted); *Island Hotel Props., Inc.*, 512 F. Supp. 3d at 1328 (holding "direct physical loss of or damage to property" does not encompass losses due to COVID-19); *Graspa Consulting, Inc. v. United Nat'l Ins. Co.*, No. 20-CV-23245, 2021 WL 1540907, at *5–*9 (S.D. Fla. Apr. 16, 2021) (same, and noting a "tsunami of Florida caselaw" holding the same).

In short, there is simply no legal support for Plaintiffs' contention that "direct physical loss or damage" encompasses a loss of business caused by the spread of COVID-19 or by governmental action designed to reduce such spread.

### B. The Spread of COVID-19 Does Not Constitute A "Communicable Disease Event" Under the Policy.

Plaintiffs argue further that the effects of COVID-19 on their businesses fall within the "communicable disease event" provision of the contract because COVID-19 is a communicable disease within the policy's definition ("any disease, bacteria, or virus that may be transmitted directly or indirectly from human or animal to a human."). Pl. Opp. at 2–4, 13. Plaintiffs contend that the language governing communicable disease event coverage is ambiguous and that, under their interpretation, COVID-caused losses are covered. *Id.* at 10–11. The Court finds no such ambiguity. As Plaintiffs admit, a "communicable disease event" is defined in the policy

5

as "an event in which a public health authority has ordered that a location be evacuated, decontaminated, or disinfected due to the outbreak of a communicable disease at such location." *Id.* at 4.  Such an event would transpire if an outbreak of a disease required immediate evacuation of hotel guests or resulted in a public health order requiring disinfection or decontamination of the insured premises.  *See* Def. Reply at 5–6, Dkt. 29.  Plaintiffs have not alleged that the Florida public health authorities required them to evacuate, decontaminate, or disinfect their facilities; according to the Complaint, they were ordered only not to accept any new reservations or to extend existing ones.  Compl. ¶ 34.

Because Plaintiffs have not alleged that their claim falls within the "insuring clause" of their policy, their Complaint founders on the first prong of the coverage analysis, and the Court need not reach the second prong.  *Homeowners Choice Prop. & Cas.*, 211 So. 3d at 1068.[3]

## CONCLUSION

The impact of COVID-19 on Plaintiffs' businesses is deeply unfortunate.  But in the face of the plain language of the contract, and the insurmountable weight of the case law, it is clear that Plaintiffs have not stated and cannot state a claim.  For that reason, Defendant's motion to dismiss is GRANTED, and Plaintiffs' claim is dismissed with prejudice.

**SO ORDERED.**

Date:  October 1, 2021  
      New York, NY

_____  
VALERIE CAPRONI  
United States District Judge

---

[3] Because Plaintiffs fail to plead facts sufficient to establish coverage under the policy at issue, the Court does not reach the question whether policy exclusions apply to their claim.  *See* Def. Mem. at 18–19.